E-FILED; Worcester Circuit Court
Docket: 5/14/2026 2:37 PM; Submission: 5/14/2026 2:37 PM
Envelope: 26478267

**CIRCUIT COURT FOR WORCESTER COUNTY, MARYLAND**

**LAWANDA ANN BECKETT,**
**4418 James Wharf Road**
**Exmore, VA 23350**

**(Plaintiff),**

**v.**

**CHURCHILL DOWNS INCORPORATED,**
**d/b/a OCEAN DOWNS CASINO,**
**10218 Racetrack Road**
**Berlin, MD 21811**

**(Defendant).**

Case No.: C-23-CV-26-000139

JURY TRIAL DEMANDED

Serve Defendant at:
Churchill Downs Incorporated,
CT Corporation System
306 W. Main Street, Suite 512
Frankfort, KY 40601

**COMPLAINT**

Plaintiff Lawanda Ann Beckett, by counsel, sues Defendant Churchill Downs Incorporated, d/b/a Ocean Downs Casino, and states as follows:

## I. INTRODUCTION

1. On November 24, 2023, Plaintiff Lawanda Ann Beckett ("Ms. Beckett") was a patron at Ocean Downs Casino in Berlin, Maryland, when she slipped and fell on a waxed, dangerously slippery restroom floor while entering a restroom stall.

2. At the time of the incident, no warning signs, cones, barriers, or other warnings were posted to alert patrons to the hazardous condition of the floor.
3. Upon information and belief, the dangerous slippery condition had been previously reported to Defendant before Ms. Beckett's fall, yet Defendant failed to remedy the condition or adequately warn patrons.
4. As a direct and proximate result of Defendant's conduct, Ms. Beckett suffered serious and permanent injuries, has incurred substantial medical expenses and wage loss, and continues to suffer pain, disability, and loss of earning capacity.
5. This is an action for negligence, premises liability, and gross negligence arising from Defendant's failure to maintain its premises in a reasonably safe condition for a business invitee.

## II. JURISDICTION

6. This Court has subject matter jurisdiction over this civil tort action pursuant to the laws of the State of Maryland.
7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. VENUE

8. Venue is proper in the Circuit Court for Worcester County because the cause of action arose in Worcester County, Maryland.
9. The incident made the basis of this action occurred at Ocean Downs Casino, located at 10218 Racetrack Road, Berlin, Maryland 21811, in Worcester County, Maryland.

## IV. PARTIES

10. Plaintiff LAWANDA ANN BECKETT is an adult resident of the Commonwealth of Virginia, residing at 4418 James Wharf Road, Exmore, Virginia 23350.
11. On November 24, 2023, Ms. Beckett was lawfully present at Defendant's casino as a patron and business invitee.
12. Defendant CHURCHILL DOWNS INCORPORATED, d/b/a OCEAN DOWNS CASINO ("Defendant"), is a corporation that owned, operated, managed, maintained, and controlled the premises known as Ocean Downs Casino located at 10218 Racetrack Road, Berlin, Maryland 21811.
13. At all relevant times, Defendant was responsible for the maintenance, inspection, safety, and condition of the casino premises, including the restroom facilities where Ms. Beckett fell.

**V. FACTS**

14. On November 24, 2023, Ms. Beckett was a patron at Ocean Downs Casino while participating in a slot tournament.
15. During her visit, Ms. Beckett entered a restroom located on the casino premises and proceeded toward a stall.
16. As she was entering the stall, Ms. Beckett slipped and fell on the restroom floor.
17. The floor surface was waxed and dangerously slippery.
18. The floor was not merely wet with water; instead, the hazardous condition was caused by the treatment and condition of the floor surface itself, including the application or maintenance of wax or similar product.
19. No warning signs, cones, barriers, or other warnings were posted in or near the restroom to alert patrons that the floor was slippery or hazardous.

20. No other indicators were present to alert Ms. Beckett or other patrons to the hazardous condition of the restroom floor.
21. Because of the nature of the fall, Ms. Beckett had difficulty getting up from the floor.
22. After she was able to get up, Ms. Beckett immediately reported the incident to a nearby security officer at the casino.
23. After reporting the fall, Ms. Beckett was informed by multiple individuals that the slippery floor condition had been previously reported to Defendant.
24. Upon information and belief, despite prior reports or complaints regarding the slippery restroom floor, Defendant failed to correct the hazard and failed to provide adequate warning to patrons.
25. Defendant later opened a claim asserting that a wet floor sign had been present at the scene, but Ms. Beckett denies that any such sign was present.
26. On November 25, 2023, the day after the fall, Ms. Beckett awoke and discovered that her right leg was numb and that she could not move it.
27. She was also experiencing severe pain in her arm and shoulder.
28. Shortly thereafter, she observed significant bruising and discoloration to her right knee.
29. On November 25, 2023, Ms. Beckett contacted Ocean Downs Casino again to update Defendant regarding her worsening condition.
30. Because Ms. Beckett did not initially believe her condition required emergency-room treatment, she contacted her local physician and sought the earliest available appointment.
31. On November 28, 2023, Ms. Beckett was examined by her physician, who documented acute right knee pain resulting from the fall and prescribed medication and topical treatment for pain relief.

32. On December 8, 2023, Ms. Beckett returned for follow-up because her symptoms had not improved.
33. She was thereafter referred to Bayside Rehabilitation for evaluation and treatment of right knee pain and left shoulder pain.
34. Ms. Beckett began physical therapy on December 20, 2023.
35. Due to the severe pain and functional limitations caused by her injuries, Ms. Beckett was forced to stop working and could no longer continue her employment as she had before the fall.
36. Despite therapy, her pain worsened rather than improved.
37. Her physician ordered an MRI of her right knee.
38. On February 20, 2024, an MRI of Ms. Beckett's right knee revealed a complex tear of the medial meniscus, including complex horizontal and vertical tearing of the posterior horn of the medial meniscus.
39. The MRI also revealed a Grade 1 MCL sprain, knee effusion, a septated popliteal cyst, and degenerative changes in the knee.
40. Ms. Beckett was advised that she would require surgery to repair the torn meniscus.
41. In addition to her knee injury, Ms. Beckett continued to experience pain in her left shoulder and cervical spine, with numbness radiating down her left arm.
42. On June 6, 2024, she was evaluated for ongoing cervical-spine symptoms, including neck pain, tenderness of the paravertebral musculature, pain in the left trapezius and rhomboid, and numbness radiating into the left upper extremity.
43. An MRI of her cervical spine was ordered.
44. On June 11, 2024, Ms. Beckett underwent right-knee surgery at Riverside Shore Memorial Hospital in Onley, Virginia.

45. The surgical procedure included diagnostic arthroscopy with partial medial meniscectomy and chondroplasty of the patella and medial femoral condyle.

46. After surgery, Ms. Beckett experienced numbness and tingling in her hands and feet, along with a severe headache.

47. During the perioperative period, her blood pressure rose to 183/104, requiring immediate medical follow-up and emergency-room evaluation.

48. On July 12, 2024, an MRI of Ms. Beckett’s cervical spine revealed moderate-to-marked central canal stenosis at C5–C6, moderate-to-marked degenerative disc disease, and ligament sprain in the cervical spine.

49. Following surgery, Ms. Beckett continued physical therapy for both her knee and cervical-spine injuries.

50. Despite treatment, Ms. Beckett continues to suffer persistent pain in her right knee and cervical spine.

51. She continues to experience numbness and tingling in her extremities, particularly her left hand and arm.

52. She has weakness in her left hand and limited range of motion in both her right knee and cervical spine, interfering with daily activities.

53. She also experiences sleep disturbance caused by pain and numbness.

54. Ms. Beckett continues to require medical treatment, including physical therapy, pain management, and evaluation for possible future cervical-spine surgery.

55. Her treating physicians have indicated that she may require anterior cervical discectomy and fusion at C4–C6 if her symptoms worsen.

56. As a direct and proximate result of the injuries sustained in the fall, Ms. Beckett has incurred substantial medical expenses, including charges for physician visits, imaging

CIRCUIT COURT PLEADING


studies, surgery, physical therapy, prescription medications, emergency treatment, and continuing pain management.

57. Ms. Beckett's gross medical charges to date total approximately $34,014.47.

58. After insurance adjustments, her net medical charges total approximately $9,158.43.

59. Insurance payments have totaled approximately $8,433.80.

60. Ms. Beckett continues to require ongoing treatment and is expected to incur additional medical expenses in the future.

61. At the time of the incident, Ms. Beckett was employed in multiple positions in the education and healthcare fields, including as a Private Duty Nurse, a Long-term Substitute Teacher at Accomack County School, and in summer employment at B&B Convenience Store.

62. As a result of her injuries, Ms. Beckett has sustained lost wages totaling approximately $35,953.

63. These lost wages include approximately $20,800 from her work as a Private Duty Nurse, approximately $7,953 from her work as a Long-term Substitute Teacher, and approximately $7,200 from summer employment.

64. Ms. Beckett was unable to work from June 11, 2024 through September 4, 2024 due to her right-knee surgery and recovery.

65. She continues to experience work restrictions and limitations that impair her ability to perform her prior employment duties and has sustained a loss of earning capacity.

66. Ms. Beckett has also incurred transportation expenses of approximately $1,000 for mileage and tolls related to medical care and will continue to incur such expenses in the future.

67. Ms. Beckett has further suffered anxiety, emotional distress, and loss of enjoyment of life

as a result of the injuries and limitations caused by Defendant's conduct.

## VI. DUTIES OWED

68. At all relevant times, Defendant owned, operated, managed, maintained, and controlled Ocean Downs Casino.
69. Defendant invited members of the public, including Ms. Beckett, onto the premises for Defendant's business purposes.
70. As a lawful patron, Ms. Beckett was a business invitee.
71. Defendant owed Ms. Beckett a duty to exercise reasonable care to maintain the premises in a reasonably safe condition for business invitees.
72. Defendant owed Ms. Beckett a duty to inspect the premises and discover dangerous conditions that posed a foreseeable risk of harm to invitees.
73. Defendant owed Ms. Beckett a duty to correct dangerous conditions or, if immediate correction was not possible, to provide adequate warnings of such conditions.
74. Defendant further owed Ms. Beckett a duty not to create or permit dangerous conditions to exist on the premises.
75. Upon information and belief, Defendant had actual or constructive knowledge of the dangerous slippery condition in the restroom before Ms. Beckett's fall.

## VII. COUNTS

### COUNT ONE – NEGLIGENCE / PREMISES LIABILITY

76. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.
77. Defendant owed Ms. Beckett the duties described above.

78. Defendant breached those duties by, among other things: a. Failing to maintain the restroom floor in a reasonably safe condition; b. Creating and/or permitting a waxed floor condition that was unreasonably slippery for invitees; c. Failing to apply, treat, maintain, or monitor the floor surface in a reasonably safe manner; d. Failing to inspect the restroom area to discover the dangerous slippery condition; e. Failing to remedy the dangerous slippery condition despite actual or constructive notice of it; f. Failing to place warning signs, cones, barriers, or other warnings to alert patrons to the hazardous condition; and g. Allowing the dangerous slippery condition to persist on the restroom floor.

79. The acts and omissions described above constituted negligence.

80. As a direct and proximate result of Defendant's negligence, Ms. Beckett suffered serious and permanent injuries, including injuries to her right knee, cervical spine, shoulder, and related bodily systems, together with ongoing pain, numbness, weakness, and disability.

81. As a direct and proximate result of Defendant's negligence, Ms. Beckett has suffered damages including, but not limited to: a. Past and future physical pain and suffering; b. Emotional distress and mental anguish; c. Permanent impairment and disability; d. Loss of enjoyment of life; e. Past and future medical expenses, including physician visits, diagnostic imaging, surgery, physical therapy, prescription medications, emergency treatment, and pain management; f. Lost wages, including income from her positions as a Private Duty Nurse, Long-term Substitute Teacher, and summer employment, totaling approximately $35,953 to date; g. Loss of earning capacity, past and future; h. Transportation expenses of approximately $1,000 to date, with additional future transportation expenses anticipated; and i. Other damages to be proven at trial.

**COUNT TWO – GROSS NEGLIGENCE**

82. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

83. Defendant owed Ms. Beckett the duties described above to maintain the premises in a reasonably safe condition, inspect for dangerous conditions, correct hazards, and provide adequate warnings.

84. Defendant breached those duties through the acts and omissions set forth above, including by allowing a dangerously slippery restroom floor to exist, failing to correct the condition, and failing to warn patrons despite actual or constructive notice of the hazard.

85. Upon information and belief, Defendant was aware that the slippery restroom floor posed a serious and unreasonable risk of harm to patrons.

86. Upon information and belief, despite prior reports or complaints concerning the hazardous condition, Defendant consciously failed to take minimal corrective measures to make the floor safe or to warn invitees of the danger.

87. Defendant's conduct, if proven, demonstrated an extraordinary disregard for the safety of patrons and constituted gross negligence.

88. As a direct and proximate result of Defendant's gross negligence, Ms. Beckett suffered the injuries and damages described above, including severe physical injuries, pain and suffering, emotional distress, medical expenses, lost wages, loss of earning capacity, transportation expenses, and other damages to be proven at trial.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lawanda Ann Beckett respectfully requests that this Court enter judgment in her favor and against Defendant Churchill Downs Incorporated, d/b/a Ocean Downs

Casino, and award:

A. Compensatory damages for economic losses, including past and future medical expenses, lost wages, loss of earning capacity, and related out-of-pocket expenses, in an amount to be proven at trial but in excess of $75,000;

B. Compensatory damages for non-economic losses, including past and future pain and suffering, emotional distress, permanent impairment, disability, and loss of enjoyment of life, in an amount to be proven at trial but in excess of $75,000;

C. Pre-judgment and post-judgment interest as allowed by law;

D. The costs of this action; and

E. Such other and further relief as this Court deems just and proper.

**IX. JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 13, 2026

By: */s/Ikechukwu Emejuru*

Ikechukwu Emejuru
**Emejuru Law L.L.C.**
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Telephone: (240) 638-2786
Facsimile: (240) 559-2984
iemejuru@emejurulaw.com

Stephen C. Teague, Esq.
VSB No. 81006
LAW OFFICE OF STEPHEN C. TEAGUE
P.O. Box 706
Newport News, Virginia 23607
Telephone: (757) 317-0716
Facsimile: (757) 215-2974
Email: stephen@teaguelawoffice.com

*(Pending Pro Hac Vice Admission)*